Michelle L. Roberts – State Bar No. 239092
E-mail: michelle@robertsdisability.com
Kristin P. Kyle de Bautista – State Bar No. 221750
E-mail: kristin@robertsdisability.com
ROBERTS DISABILITY LAW, P.C.
66 Franklin Street, Ste. 300
Oakland, CA 94607
Telephone: (510) 230-2090
Facsimile: (510) 230-2091

Attorneys for Plaintiff,
Rick LaLonde

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICK LALONDE,<br><br>         Plaintiff,<br><br>vs.<br><br>METROPOLITAN LIFE INSURANCE COMPANY,<br><br>         Defendant. | CASE NO. 2:24-cv-1781<br><br>COMPLAINT FOR VIOLATION OF EMPLOYEE RETIREMENT INCOME SECURITY ACT<br><br>[29 U.S.C. § 1132(a)] |

Plaintiff, Rick LaLonde, herein sets forth the allegations of his Complaint against Defendant Metropolitan Life Insurance Company.

JURISDICTION

1.   This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by Plaintiff for employee benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question. This action is brought for the purpose of recovering benefits under the terms of an employee benefit plan, enforcing Plaintiff's rights under the terms of an employee benefit plan, and to clarify Plaintiff's rights to future benefits under the employee benefit plan described herein. Plaintiff seeks relief, including but not limited to, payment of the correct amount

of benefits due him under the plan, prejudgment and post judgment interest, reinstatement to the benefit plan at issue herein, and an award of attorneys' fees and costs.

VENUE

2.   Plaintiff was formerly employed by Providence Tarzana Medical Center ("Providence") and as a benefit of his employment, was a participant in the Providence Health & Services Long Term Disability Plan ("the LTD Plan"). The LTD Plan is an employee welfare benefit plan regulated by ERISA. At all times relevant hereto, the benefits to be paid pursuant to the LTD Plan were insured by Defendant Metropolitan Life Insurance Company ("MetLife" or "Defendant"). Pursuant to the terms and conditions of the LTD Plan, Plaintiff is entitled to LTD benefits for the maximum benefits payable under the LTD Plan for Plaintiff's disability.

3.   Defendant MetLife was the claims administrator and fiduciary for the LTD Plan. MetLife makes decisions regarding eligibility for LTD benefits under the terms of the Plan. MetLife is transacting business in the Central District of California and can be found in the Central District of California.

4.   Venue is proper in the Central District of California pursuant to ERISA § 502(e)(2) (29 U.S.C. § 1132(e)(2)) because the Plan was administered in whole or in substantial part, in this District. Venue is also proper within this District because Plaintiff is a citizen of the State of California, resided in this District when he became eligible for coverage, his disability occurred within the District, his claim was denied within the District, and his claim was administered within this District.

FIRST CLAIM FOR RELIEF
AGAINST METROPOLITAN LIFE INSURANCE COMPANY
FOR PLAN BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS,
PREJUDGMENT AND POSTJUDGMENT INTEREST,
AND ATTORNEYS' FEES AND COSTS
(29 U.S.C. § 1132(a)(1)(B))

5.   Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

6.   At all times relevant, Plaintiff was employed by Providence and was a covered participant under the terms and conditions of the LTD Plan.

1    7.    During the course of Plaintiff's employment, Plaintiff became disabled on February
2  23, 2017, as a result of chronic low back pain and leg pain, spondylolisthesis, lumbar fusion, renal
3  mass, PTSD, panic disorder, anxiety, and depression, and became entitled to benefits under the
4  terms and conditions of the LTD Plan.
5    8.    Pursuant to the terms of the LTD Plan, Plaintiff made a claim to MetLife. MetLife
6  assigned Plaintiff claim number 711706286941. After a 180-day Elimination Period, MetLife
7  approved and began paying LTD benefits effective August 22, 2017.
8    9.    Hartford terminated Plaintiff's disability benefits, asserting that Plaintiff was no
9  longer disabled from his own occupation or any occupation.
10   10.   Thereafter, Plaintiff submitted a written appeal to MetLife on May 19, 2023.
11  MetLife accepted the appeal and upheld the denial of further benefits by letter dated July 10, 2023.
12   11.   Defendant MetLife breached the Plan and violated ERISA in the following respects:
13   (a)   It failed to pay LTD benefit payments to Plaintiff at a time when
14  Defendant knew, or should have known, that Plaintiff was entitled to those benefits under
15  the terms of the Plan, as Plaintiff was disabled and unable to work and therefore entitled
16  to benefits;
17   (b)   It failed to provide a prompt and reasonable explanation of the basis relied
18  on under the terms of the Plan documents, in relation to the applicable facts and Plan
19  provisions, for the denial of Plaintiff's claim for LTD benefits;
20   (c)   It failed, after Plaintiff's claim was denied, to adequately describe to
21  Plaintiff any additional material or information necessary for Plaintiff to perfect her claim
22  along with an explanation of why such material is or was necessary; and
23   (d)   It failed to properly and adequately investigate the merits of Plaintiff's
24  disability claim and failed to provide a full and fair review of Plaintiff's claim.
25   12.   Plaintiff is informed and believes and thereon alleges that Defendant wrongfully
26  denied his disability benefits under the Plan by other acts or omissions of which Plaintiff is
27  presently unaware, but which may be discovered in this future litigation and which Plaintiff will
28  immediately make Defendant aware of once said acts or omissions are discovered by Plaintiff.

Roberts Disability Law, P.C.
66 Franklin Street, Ste. 300
Oakland, CA 94607
(510) 230-2090

13. Following the denial of benefits under the Plan, Plaintiff exhausted all administrative remedies required under ERISA, and Plaintiff has performed all duties and obligations on Plaintiff's part to be performed under the Plan.

14. As a proximate result of the wrongful conduct by MetLife, Plaintiff has damages for loss of disability benefits in a total sum to be shown at the time of trial.

15. As a further direct and proximate result of this improper determination regarding Plaintiff's LTD claim, Plaintiff, in pursuing this action, has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiff is entitled to have such fees and costs paid by Defendant.

16. The wrongful conduct of MetLife has created uncertainty where none should exist, therefore, Plaintiff is entitled to enforce his rights under the terms of the LTD Plan and to clarify his right to future benefits under the terms of the LTD Plan.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays for relief against Defendant as follows:

1. Payment of LTD benefits due and owing to him;

2. An order declaring that Plaintiff is entitled to an award of LTD benefits;

3. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of prejudgment and post-judgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

DATED: March 5, 2024           Roberts Disability Law, P.C.

By: /s/*Kristin P. Kyle de Bautista*
    Kristin P. Kyle de Bautista
    Attorneys for Plaintiff
    Rick LaLonde

Roberts Disability Law, P.C.
66 Franklin Street, Ste. 300
Oakland, CA 94607
(510) 230-2090